## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

PAUL SEVIGNY,                          )
                                       )
                  Plaintiff,           )
                                       )
v.                                     )   Docket no. 2:07-cv-160-GZS
                                       )
LL BEAN INC.,                          )
                                       )
                                       )
                  Defendant.           )


## ORDER OF DISMISSAL

Before the Court is Plaintiff's Requests, Objections & Statements (Docket # 41), which this Court has docketed as an Objection to the Order Striking Motion for entry of Default.  As explained herein, Plaintiff's Request is DENIED.

In this latest filing, Plaintiff Sevigny, appearing *pro se*, again requests that default be entered against Defendant LL Bean, Inc.  This marks Defendant's fifth submission arguing that default should be entered against Defendant.  (See Docket #s 11, 13, 36, 39 & 41).  In addition to his multiple meritless submissions arguing for default, all of Plaintiff's other submissions to the Court insist and rest upon Plaintiff's belief that default has been entered.  (See, e.g., Docket # 15, 22, 25 & 31.)  To be clear, this Court has reviewed the entirety of the docket in this case.  To date, Defendant LL Bean has filed a timely and proper answer and otherwise defended itself in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.  Therefore, there is absolutely no basis for entry of default under the Federal Rule of Civil Procedure 55.

Notably, Plaintiff indicates in his submission that his latest submission is his "answer to Doc # 40." (Pl.'s Request (Docket # 41) at 5.)  In the December 17, 2007 Order at Docket # 40,

the Court provided a second clear warning to Mr. Sevigny: "If plaintiff files another motion for default based on earlier events, I will recommend dismissal of this action pursuant to Chief Judge Singal's prior warning to plaintiff." Plaintiff was first warned that sanctions might be imposed for his frivolous filings on December 7, 2007 (Docket # 36). As the Magistrate Judge indicated on December 17, 2007, Plaintiff's repeated frivolous requests for default are actively interfering with the progression of this case.

Plaintiff's latest motion, dated December 26, 2007, (Docket # 41) is quite simply meritless, unacceptable and represents an abuse of the litigation process. For the Plaintiff to make such an abusive filing after two explicit warnings (and receiving a copy of the *pro se* handbook) is an act that this Court will not tolerate. Moreover, in the Court's assessment Plaintiff's actions are not only an attempt to harass the Defendant but also an attempt to delay and avoid the Court reaching the merits of this case. Under these circumstances, the Court believes the proper, albeit harsh, sanction is dismissal of this case with prejudice. See Torres-Vargas v. Pereira, 431 F.3d 389, 392-93(1st Cir. 2005) ("It is settled law that a party flouts a court order at his peril. Where, as here, the court appropriately forewarns a plaintiff of the consequences of future noncompliance with an unambiguous order, the court need not exhaust less toxic sanctions before dismissing a case with prejudice.") (citations omitted).

Therefore, the Court hereby **DENIES** Plaintiff's Request (Docket # 41) and **ORDERS** that Plaintiff's case be **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

/s/ George Z. Singal
Chief U.S. District Judge

Dated this 4th day of January, 2008.

2